**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>REZA FARZAN, *et al.*,<br><br>                Defendants. | Civil Action No. 26-cv-611 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Bayview Loan Servicing, LLC's (Bayview) Motion to Remand.  (ECF No. 6.)  Defendant Reza Farzan (Defendant) opposed, and Bayview replied.  (ECF Nos. 7, 10.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Bayview's Motion is **GRANTED**.

## I.    BACKGROUND

    The procedural history in this matter, which spans over a decade and has been recounted at length numerous times by courts in this District,[1] arises from a state court foreclosure action

---

[1]    The following list is non-exhaustive and is provided for illustrative purposes: *Farzan v. J.P. Morgan Chase Bank N.A.*, Civ. No. 19-156, 2019 WL 6339847 (D.N.J. Nov. 27, 2019), *aff'd,* Civ. No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022); *In re Farzan*, Civ. No. 19-29256, 2020 WL 2769046 (Bankr. D.N.J. May 27, 2020); *Farzan v. Bayview Loan Servicing LLC*, Civ. No. 20-7134, 2020 WL 13240130 (D.N.J. Dec. 9, 2020), *aff'd sub nom.*, *In re Farzan*, Civ. No. 21-2445, 2022 WL 1238354 (3d Cir. Apr. 27, 2022); *Farzan v. Bayview Loan Servicing, LLC*, Civ. No. 20-03330, 2021 WL 613843 (D.N.J. Feb. 17, 2021), *aff'd sub nom.*, *In re Farzan*, Civ. No. 21-1334, 2021 WL 4075750 (3d Cir. Sep. 8, 2021); *Farzan v. J.P. Morgan Chase Bank, N.A.*, No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022); *Farzan v. Cleary*, Civ. No. 19-705, 2023 WL 2649326  (D.N.J. Mar. 27, 2023), *aff'd,* Civ. No. 23-1740, 2024 WL 3983333 (3d Cir. Aug. 29, 2024); *Farzan v. Nationstar Mortg. LLC*, Civ. No. 23-1234, 2023 WL

involving Defendant's property in Holmdel, New Jersey. *See Bayview Loan Servicing, LLC, v. Farzan, et al.*, No. F-013470-16 (N.J. Super. Ct. Ch. Div. May 12, 2016). On May 12, 2016, Bayview filed a mortgage foreclosure complaint in the Superior Court of New Jersey, Monmouth County, alleging that Defendant[2] defaulted on his loan obligations. (*See generally* ECF No. 6-3.) The Complaint set forth three claims pursuant to state law: foreclosure (Count One); possession of mortgaged premises (Count Two); and a claim to recognize a lost mortgage note pursuant to N.J. Stat. Ann. § 2A:47-3. (*See id.* ¶¶ 7-37.) On July 27, 2016, Defendant filed an Answer raising various defenses and counterclaims, including defenses pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and counterclaims for violations of the Truth in Lending Act, *see* 15 U.S.C. § 1601 *et seq.*, and the Real Estates Settlement Procedures Act, *see* 12 U.S.C. § 2601 *et seq. See generally* Answer, *Bayview Loan Servicing, LLC, v. Farzan*, No. F-013470-16 (N.J. Super. Ct. Ch. Div. July 27, 2016).

On March 3, 2017, the state court granted Bayview's motion for summary judgment, and struck Defendant's Answer, defenses, and counterclaims. *See* Order, *Bayview Loan Servicing,*

---

8437233 (D.N.J. Dec. 5, 2023); *Farzan v. Nationstar Mortg. LLC*, Civ. No. 23-1234, 2024 WL 263963 (D.N.J. Jan. 24, 2024), *aff'd sub nom.*, *In re Farzan*, Civ. No. 24-1236, 2025 WL 100798 (3d Cir. Jan. 15, 2025); *Farzan v. Cleary*, No. 23-1740, 2024 WL 3983333 (3d Cir. Aug. 29, 2024); *Farzan v. Chapter 13 Tr.*, Civ. No. 23-23269, 2024 WL 4491228 (D.N.J. Oct. 15, 2024); *Farzan v. Chapter 13 Tr.*, Br. No. 23-18292, 2025 WL 240915 (D.N.J. Jan. 17, 2025); *Farzan v. Bayview Loan Servicing LLC*, Civ. No. 25-50, 2025 WL 906615 (D.N.J. Mar. 25, 2025); *Farzan v. Chapter 13 Tr.*, No. 23-18292, 2025 WL 1672042 (D.N.J. June 12, 2025), *aff'd sub nom.*, *In Re Reza Farzan*, Civ. No. 25-2276, 2026 WL 1972174 (3d Cir. July 8, 2026); *Farzan v. Bayview Loan Servicing LLC*, Civ. No. 25-50, 2025 WL 2642314 (D.N.J. Sep. 15, 2025).

[2]    In addition to Defendant Reza Farzan, Bayview named Mortgage Electronic Registration Systems, Inc., (as nominee for American Mortgage, Inc.), and various fictitious parties as additional defendants. (ECF No. 6-3 ¶¶ 4-6.) On November 4, 2016, the state court issued an order dismissing the fictitious parties. *See* Order, *Bayview Loan Servicing, LLC, v. Farzan*, No. F-013470-16 (N.J. Super. Ct. Ch. Div. Nov. 4, 2016); *see also Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting that a court may take judicial notice of another court's docket).

*LLC, v. Farzan, et al.*, No. F-013470-16 (N.J. Super. Ct. Mar. 3, 2017.)  The Court further ordered that Bayview was entitled to foreclosure and possession of Defendant's property.  *See id.*  On September 3, 2019, the state court issued a final judgment in foreclosure, which Defendant did not appeal.  (*See* ECF No. 6-4); *see also In re Farzan*, Civ. No. 21-1334, 2021 WL 4075750, at *1 (3d Cir. Sep. 8, 2021) (detailing the procedural history of Defendant's state court foreclosure action).  Since the entry of the state court's final judgment, Defendant has engaged in duplicative, repeated litigation to further stall his eviction, and has filed numerous state and federal lawsuits in pursuit of his endeavors.[3]

Six years later, on December 7, 2025, Defendant filed a motion in the state foreclosure action seeking a variety of relief.  (*See* ECF No. 6-15.)  Specifically, Defendant asked the state court to: 1) restore his constitutional rights; 2) restore his federal and state statutory rights; 3) restore his rights under Title II of the Americans with Disabilities Act (ADA); 4) declare that

---

[3]    As the Third Circuit recently noted in denying another one of Defendant's appeals related to his foreclosure action:

> This appeal is the latest in a series of proceedings relating to the foreclosure of Farzan's New Jersey home, which has been the subject of a final state-court judgment since September 2019.  Farzan did not appeal that judgment.  *See In re Farzan*, [Civ.] No. 21-1334, 2021 WL 4075750, at *1 (3d Cir. Sep[]. 8, 2021) (*per curiam*).  Nor has he agreed to vacate the property.  Instead, he filed more than a dozen federal lawsuits in the ensuing years to forestall his eviction.  He also petitioned for bankruptcy on three separate occasions, most recently in September 2023.  The Bankruptcy Court dismissed that petition in April 2024 upon finding that Farzan filed it in bad faith; the dismissal order barred him from filing another Chapter 13 petition for one year.  Farzan unsuccessfully sought reconsideration and "multiple reliefs" and then appealed to the United States District Court for the District of New Jersey.  The District Court denied several of Farzan's motions on the way to denying his appeal and affirming the Bankruptcy Court's orders. . . . Accordingly, we will affirm the judgment of the District Court."

*In re Farzan*, Civ. No. 25-2276, 2026 WL 1972174, at *1-*2 (3d Cir. July 8, 2026) (detailing Defendant's "quixotic litigation strategy over the past decade.").

Bayview is a "[s]tranger" to the note and [sic] mortgage; 5) declare that "Friedman Vartolo[4] is a Debt Collector Law Firm;" and 6) declare that all "[p]ost-6/30/22 filings and certifications by Bayview and its attorneys are void for lack of standing. (*Id.* at 16-18.)[5] Defendant's requests for relief were directed to the state court, with requests one through five asking the state court to restore or declare his rights "in this Court." (*Id.*)

On January 9, 2026, the state court judge issued an order denying Defendant's motion. (*See* ECF No. 6-16 at 2.)

### A.    Procedural History

On January 16, 2026, Defendant filed a Notice of Removal,[6] invoking 28 U.S.C. §§ 1331 and 1343 as the basis for federal jurisdiction. (ECF No. 1 at 2.) On February 16, 2026, Bayview filed a Motion for Remand. (ECF No. 6.) Defendant opposed, and Bayview replied. (ECF Nos. 7, 10.) The motion is now ripe for decision.

## II.    LEGAL STANDARD

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Sci.,*

---

[4]    While the law firm of Friedman Vartolo is not named as a party in the state court complaint, Defendant alleges in his notice of removal that it "engaged in post-judgment enforcement activity, including filings and participation in sheriff-sale proceedings, without disclosing that it was acting as a debt collector and without disclosing the debt-collector status of its client, Bayview Loan Servicing, LLC, while invoking state judicial authority to advance collection activity." (ECF No. 1 ¶ 11.)

[5]    Page numbers for record cites (*i.e.,* "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[6]    This is not Defendant's first attempt to remove the state foreclosure action into federal court, having done so twice prior in 2017 and 2025. *See Bayview Loan Servicing LLC v. Farzan,* Civ. No. 17-1796, 2017 WL 5047900 (D.N.J. Nov. 3, 2017), *aff'd in part, appeal dismissed in part,* 720 F. App'x 678 (3d Cir. 2018); *see also Farzan v. Bayview Loan Servicing LLC,* Civ. No. 25-50, 2025 WL 2642314, at *8 (D.N.J. Sep. 15, 2025).

*Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)).  To maintain subject-matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, section 1332, or federal question jurisdiction, section 1331.  *See* 28 U.S.C. §§ 1331, 1343.  A federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C.  § 1331.

After a case is removed, the plaintiff may move to remand the case to state court.  *See Atl. Neurosurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022).  The removing party maintains the burden of showing the Court that it has subject-matter jurisdiction.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The matter "must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case."  *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing 28 U.S.C. § 1447(c)).  "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand."  *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction

Bayview challenges Defendant's removal on various subject matter jurisdiction grounds. (ECF No. 6-2 at 9-15.)  The Court addresses each in turn.

#### 1.   *Federal Question*

In his Notice of Removal and opposition, Defendant argues that removal of this action "raises substantial federal questions," such as whether "a debt-collector law firm" violated the

FDCPA, whether "continued enforcement" against him violates his rights under the ADA and the Supremacy Clause, and whether state actors involved in his state foreclosure proceedings violated 42 U.S.C. § 1983.  (*See* ECF No. 1 at 5; *see also* ECF No. 7 at 16-17.)  Bayview argues that no federal question jurisdiction exists because their state court complaint does not present a question of federal law.  (*See* ECF No. 6-2 at 11-13; *see also* ECF No. 10 at 9-11.)   The Court agrees with Bayview.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (internal quotations omitted).  Moreover, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)), as is a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original jurisdiction' over the civil action" (quoting 28 U.S.C. § 1441(a))).

Here, Defendant has not demonstrated that this matter falls within this Court's original jurisdiction, as required by section 1441(a).  *See Entrekin*, 146 F. Supp. 2d at 603.  To the contrary, Bayview's Complaint relies exclusively upon state law in instituting a mortgage foreclosure action against Defendant.  (*See generally* ECF No. 6-3); *see also See Jpmorgan Chase Bank v. Farah*, Civ. No. 16-3056, 2016 WL 8674607, at *3 (D.N.J. Dec. 16, 2016) ("This is an action to foreclose

6

a mortgage—quintessentially a state law case.")  Defendant's counterclaims and defenses raised in the state foreclosure action, including those raised pursuant to federal law, are "inadequate" to confer federal jurisdiction, and are "irrelevant" as to whether this Court has original jurisdiction. *See Thompson*, 478 U.S. at 808 (citation omitted); *Jackson*, 587 U.S. at 442.

Nor has Defendant demonstrated that this state foreclosure action falls into the "'special and small category of cases' that depend 'on resolution of a substantial question of federal law.'" *See Pajela v. Prince*, Civ. No. 22-552, 2022 WL 538545, at *2 (D. N J. Feb. 22, 2022) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690, 699 (2006) (sua sponte remanding state collection proceeding where the complaint for unpaid rent included a notice required by the FDCPA, but did not assert a claim under the FDCPA); *US Bank Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Souza*, Civ. No. 18-12131, 2018 WL 6072240, at *3 (D.N.J. Nov. 2, 2018), *report and recommendation adopted*, 2018 WL 6069159 (D.N.J. Nov. 20, 2018) (rejecting the defendants' attempt to remove state mortgage foreclosure proceeding based on FDCPA counter-claim).  Accordingly, this Court lacks federal question jurisdiction over Bayview's Complaint.

### 2.    *Original Jurisdiction Pursuant to 28. U.S.C. § 1443*

Defendant also asserts that removal is proper under 28 U.S.C. § 1443(1) because he "is denied, or cannot enforce in the state courts, rights secured by federal laws providing for equal civil rights, including disability-based protections under Title II of the ADA and procedural due process rights, in the course of ongoing state enforcement activity."  (ECF No. 1 ¶ 7.)  Bayview argues that Defendant's generalized grievances do not fall within the narrow parameters of section 1443, which permits removal only when a defendant asserts a denial of rights on racial inequality grounds.  (ECF No. 6-2 at 14-15; *see also* ECF No. 10 at 13-14.)

Section 1443(1) provides a limited exception to the general removal rule and authorizes removal of a state action when a defendant "'is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"'" and cannot enforce those rights in state court." *Wilmington Sav. Fund Soc'y v. Velardi*, 803 F. App'x 572, 573 (3d Cir. 2020) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)); *see also Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014) ("Section 1443(1) applies only in rare cases."). Critically, the United States Supreme Court has interpreted "equal civil rights" to mean federal civil laws that specifically guarantee racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *see also St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) (explaining that the defendant's claim under the Equal Protection Clause failed to demonstrate removal under section 1443 because it does not include specific language of racial equality). Thus, "[w]here the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016).

Defendant's lone and conclusory assertion that he was "denied" his civil rights, pled broadly and without any reference to provisions implicating racial equality, do not provide a proper basis for removal of the state foreclosure action under section 1443(1). (*See* ECF No. 1 ¶ 7.) Nor does Defendant's Notice of Removal identify any New Jersey law that might prevent him from enforcing his federal rights, or that the New Jersey court would not provide him with full protections under the law. (*See generally* ECF No. 1); *see also New Jersey v. DiPietro*, Civ. No. 23-5258, 2024 WL 4164225, at *4 (D.N.J. Sept. 12, 2024) (quoting *Brown-Bey*, 637 F. App'x at 688-89) (alteration in original) (noting that removal pursuant to section 1443(1) is "a high standard

that requires the party requesting removal to 'identify [a] provision of [New Jersey] statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution . . . [or] demonstrate that the [New Jersey] courts would not afford him the full protections of the law.'"). Accordingly, removal under section 1443(1) is not proper in this matter.

### B.        Timeliness of Removal

Turning to the procedural defects in Defendant's removal, Bayview argues that even if a jurisdictional basis existed, removal of this action is otherwise untimely. (ECF No. 6-2 at 9-11.) Bayview argues that Defendant's Notice of Removal—filed ten years after the filing of the state foreclosure complaint—is untimely under 28 U.S.C. § 1446(b). (*Id.* at 9.) Defendant instead relies on 28 U.S.C. § 1446(b)(3) and asserts that the state court's January 9, 2026 order "triggered Defendant's right to remove for the first time." (ECF No. 1 at 4.) The Court finds that Defendant's removal is untimely.

Pursuant to section 1446(b)(1), a defendant seeking to remove an action from state court must file a notice of removal with the district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Under section 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The Court notes that in 2017, the district court held that Defendant's attempt to remove the state foreclosure action into federal court was untimely under section 1446(b)(1). *See Bayview Loan Servicing LLC v. Farzan*, Civ. No. 17-1796, 2017 WL 5047900. At *5 (D.N.J. Nov. 3, 2017), *aff'd in part, appeal dismissed in part*, 720 F. App'x 678 (3d Cir. 2018). There, the court found

9

that Defendant's removal of the case more than seven months after the filing of his Answer[7] "far exceed[ed] the applicable thirty[-]day limitation for removal set forth in § 1446(b)(1)." *Id.*  Here, more than *ten years later*, the untimeliness of Defendant's current attempt to remove this matter is all the more apparent.  *See* 28 U.S.C. § 1446(b)(1).

The district court's 2017 decision also found Defendant's removal untimely under section 1446(b)(3).  *Bayview*, 2017 WL 5047900 at *5.  At the time, Defendant asserted that the state foreclosure action became removable when the court entered its summary judgment order on March 3, 2017.  *Id.*  Defendant then filed a notice of removal to weeks later, arguing that removal was timely pursuant to section 1446(b)(3).  *See id.*  However, the district court found that removal was untimely "because no amended pleading was ever filed in the underlying state court action," and because the court was unable "to discern any motion, order, or other paper from which Defendant could have ascertained that this case became removable."  *Id.* (citing 28 U.S.C. § 1446(b)(3)).

Defendant sets forth an identical argument here, asserting that removal is timely under section 1446(b)(3) because he filed his notice seven days after the entry of the Court's January 9, 2026 order.  (ECF No. 1 at 4.)  However, the entry of a recent court order alone is insufficient to support removal under section 1446(b)(3).  Rather, "that document must be capable of objectively informing its reader, 'to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *Castle v. Redstone Am. Grill, Inc.*, Civ. No. 24-06024, 2025 WL 354421, at *3 (D.N.J. Jan. 31, 2025) (alteration in original) (quoting *McLaren v. UPS Store Inc.*, 32 F.4th

---

[7]    At the time of the court's decision, the court noted that it was unclear when Defendant was served with the state court complaint, but "at the latest, Defendant was served by July 27, 2016, when he filed his Answer." *Bayview*, 2017 WL 5047900 at *5; *see also* 28 U.S.C. § 1446(b)(1) (requiring a defendant to remove an action within thirty days of receiving the initial pleading).

232, 236 (3d Cir. 2022)).  Absent from Defendant's Notice of Removal is any explanation as to how or why the state court's order demonstrates that there is now a basis for federal jurisdiction that was previously unknown.  Further, while Defendant bears the burden of establishing that removal is proper, s*ee Samuel-Bassett*, 357 F.3d at 396, the Court's review of the January 9, 2026 order—which is a single paged document which simply states "Denied"—does not appear to reveal a federal jurisdictional basis, and none exists.  (*See* ECF No. 1-7 at 2.)

### C.   Consent

The Court further finds that remand is appropriate in light of Defendant's failure to obtain the consent of co-defendant, Mortgage Electronic Registration Systems, Inc, for removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Removal requires unanimity among multiple defendants.  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).  The rule of unanimity generally requires every defendant served in the action to provide "some form of unambiguous *written* evidence of consent to the court in timely fashion." *Michaels v. New Jersey,* 955 F. Supp. 315, 321 (D.N.J. 1996).  Further, the failure of all defendants to join in the removal petition is a "defect in removal procedure within the meaning of § 1447(c)."  *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995).

Defendant's notice of removal lacks any representation that Mortgage Electronic Registration Systems, Inc. consented to removal of this action, or that Defendant even attempted to obtain their consent.[8]  (*See generally* ECF No. 1.)  In addition to the grounds discussed above, this procedural defect also warrants remand of this action.  *See Balazik*, 44 F.3d at 213.

---

[8]    Defendant has previously been instructed on section 1446(b)(2)(A)'s requirements.  In fact, his attempt to remove this matter in 2017 was similarly denied as a result of Defendant's failure to

11

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Bayview's Motion to Remand,[9]

(ECF No. 6) is **GRANTED**.  An appropriate Order follows.

Dated: July 27, 2026

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

obtain the consent of his co-defendant Mortgage Electronic Registration Systems, Inc.  *See Bayview*, 2017 WL 5047900, at *6.

[9]    Since remand is warranted on other grounds, the Court need not reach Bayview's argument that this Court lacks jurisdiction pursuant to *Rooker-Feldman*.  (ECF No. 6-2 at 11-14); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).